UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELMER VAUGHN HIXON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C18-5692 MLP

ORDER

On June 10, 2019, the Court entered an order reversing and remanding the Social Security's Administration's denial of benefits. (Dkt. # 22.) On July 8, 2019, the Commissioner filed the present motion, arguing the Court committed clear error in finding the ALJ erred at step five of the sequential evaluation. (Dkt. # 25.) As discussed below, the Commissioner's motion is DENIED.

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). "Indeed, 'a motion for reconsideration [under Rule 59(e)] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening

ORDER - 1

change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

Although Commissioner's motion is presented as a Rule 59(e) motion, a Rule 59(e) motion may be construed as a Rule 60(a) motion when appropriate. *See Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1237 (9th Cir. 1979). Pursuant to Fed. R. Civ. P. 60(a), a court may correct clerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission. In deciding whether Fed. R. Civ. P. 60(a) applies, the focus is on what the court originally intended to do. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir. 1987). A judge may use Rule 60(a) "to make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co. v. Sealift Pacific,* 650 F.2d 1072, 1074 (9th Cir. 1981). As discussed below, the Commissioner essentially disagrees with the semantics used by the Court with regard to the standard applied in the step five analysis. Therefore, the Commissioner's motion is better fashioned as a motion regarding an oversight or omission in the language of the Court's order, rather than a motion regarding newly discovered evidence, clear error, or an intervening change in the controlling law. The Court construes the Commissioner's motion as a Rule 60(a) motion.

The Commissioner argues that the Court committed clear error by not applying the substantial evidence standard of review when concluding the ALJ erred at step five of the sequential evaluation. (Dkt. # 25 at 2). Specifically, the Commissioner takes issue with the Court's language that it could not "confidently conclude that the ALJ did not err" in relying on

the testifying VE's testimony because of a contradiction between that testimony and a declaration from a different VE submitted by Plaintiff after the ALJ hearing. (Dkt. # 25 at 6.)

Pursuant to *Brewes v. Comm'r of SSA*, 682 F.3d 1157 (9th Cir. 2012), the Court considered the VE's declaration submitted by Plaintiff after the hearing in considering whether the Commissioner's decision was supported by substantial evidence. (Dkt. # 22 at 22.) The VE's declaration asserted that the numbers provided by the testifying VE were for groups of jobs that ranged from sedentary to heavy exertional levels and had skill levels that ranged from unskilled to highly skilled, not just for jobs that were limited to light exertional level and unskilled called for by the hypothetical. (*Id.* at 23.) The Court found this assertion contradicted the testifying VE's testimony that he was providing evidence about job numbers for groups of jobs consistent with the exertional and skill level articulated in the hypothetical question given by the ALJ. (*Id.*) While the Court may not have reiterated the substantial evidence standard it was applying when stating it could not find the ALJ did not err, the Court previously stated this standard. (*Id.*) ("…this Court must consider whether the ALJ's decision was based on substantial evidence, including VE Moisan's declaration that was submitted to the Appeals Council after the hearing."). The Court's intent, and its holding, was that the ALJ's determination at step five was not supported by substantial evidence because the VE's declaration submitted after the ALJ hearing created a factual dispute as to whether Plaintiff can perform any jobs that exist in significant numbers in the national economy.

The Commissioner further argues that the testifying VE's job estimate numbers were in fact consistent with the exertional and skill level articulated in the hypothetical, and therefore the ALJ's determination was supported by substantial evidence. (Dkt. # 25 at 5.) The Commissioner points to the Bureau of Labor Statistics website, and job numbers contained therein, in an

ORDER - 3

attempt to show the testifying VE "winnowed" the results of job numbers from broader job groups, which contained a range of exertional and skill levels, to a "cross-section" of jobs that were consistent with the hypothetical. (Dkt. # 25 at 5-6.) However, this argument should have been raised, if at all, in the Commissioner's responsive brief, rather than being raised for the first time in the instant motion by new counsel. The Commissioner also could have requested permission to file a surreply to raise this argument but did not do so. To grant the Commissioner a second bite at the apple because he is unsatisfied with the result in this case would be a poor use of the Court's resources.

Accordingly, because the Commissioner has failed to show clear error or any other basis for the Court to reconsider its June 10, 2019 Order, the Court DENIES the Commissioner's motion (dkt. # 25). The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 25th day of July, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4